19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry S. JOHNSON, Petitioner-Appellant,
v.
Daniel MCBRIDE, Respondent-Appellee.
 No. 93-2392.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided March 22, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Terry S. Johnson, proceeding pro se, appeals from a final judgment of the district court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 Johnson asserts that he received ineffective assistance of counsel on appeal of his first petition for post-conviction relief in the state court of Indiana. A prisoner has no constitutional right to counsel when mounting a collateral attack on a conviction. Pennyslvania v. Finley, 451 U.S. 551, 555 (1987). "[T]he right to appointed counsel extends to the first appeal of right, and no further." Ibid. Because there is no constitutional right to counsel in state post-conviction proceedings, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Coleman v. Thompson, 111 S.Ct. 2546, 2566 (1991).
 
 
 3
 Johnson also asserts that: (1) the trial court of Indiana erroneously accepted his guilty plea to robbery before considering his presentence report, in violation of Ind.Code Secs. 35-35-3-3(a), 35-38-1-8(a), and 35-4.1-1-3(e);[1] (2) the trial judge had no authority to accept his guilty plea and sentence him because the trial judge was not properly appointed a judge pro tempore under Indiana Rule of Trial Procedure 63; (3) the trial court erroneously permitted the prosecution to file an amended information in violation of Ind.Code Sec. 35.3.1-1-5(e);[2] and (4) the trial court erroneously dismissed his successive petition for post-conviction relief without holding an evidentiary hearing, in violation of Indiana Post-Conviction Remedy Rule 1. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Since Johnson alleges violations of Indiana law, we will not consider these claims.
 
 
 4
 Johnson's final argument is that the district court erroneously failed to make findings of fact with respect to his claims. This argument fails because Johnson has not alleged a violation of the Constitution, laws, or treaties of the United States. No findings were necessary. The district court actually did Johnson a big favor by dismissing his petition without prejudice. We do not perceive any rationale for this boon. But as the state has not taken a cross-appeal, the judgment is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [1]
 Ind.Code Sec. 35-4.1-1-3(e) was repealed after Johnson's robbery conviction by 1981 Ind.Acts P.L. 298, Sec. 9
 
 
 [2]
 Ind.Code Sec. 35-3.1-1-5(e) was repealed by 1981 Ind.Acts P.L. 298, Sec. 9